UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:

**Dennis A. Delisle and**  **Chapter 13 Case**
**Mikell Delisle,**  **# 07-10850**
         **Debtors.**

_____

*Appearances:*    Todd Taylor, Esq.                    Filed & Entered
                    Burlington, VT                        On Docket
                    *Attorney for Debtors*              January 9, 2008

**ORDER**
**DENYING THE DEBTORS' MOTION TO ALLOW CAMERAS IN THE COURTROOM**
**AT HEARING ON ORDER TO SHOW CAUSE ISSUED PURSUANT TO §109(H)**

On January 8, 2008, the Debtors' attorney filed a motion requesting that the Court allow a local television station to film and rebroadcast a hearing in this case set for January 10, 2008. It appears that this is the first request to allow cameras in the courtroom to film a bankruptcy proceeding in this District. The hearing in question is based upon an Order that directed the Debtors to appear in court and show cause why their bankruptcy case should not be dismissed based upon their failure to file a certificate demonstrating that they obtained credit counseling during the 180-day period preceding the filing of their bankruptcy case. See 11 U.S.C. § 109(h).

The Debtors frame their request to allow filming of this hearing as follows:

> Although the issue is a narrow one - whether the Debtors case should be dismissed for failure to pre-petition file their certificate of credit counseling - the case has broader social implications in the public interest that Channel 3 sees as newsworthy. To some extent the evidence adduced at the hearing will touch upon these broader social implications, as follows:
> a. the medical effects on Vermont residents who served in combat duty in Iraq;
> b. the financial dislocation caused to veterans (and their families) who served in combat duty in Iraq;
> c. the incidence of foreclosure on those families.

(doc. # 20). The Debtors cite no case law, local rule, or Judicial Conference policy to support the relief they seek.

The question of whether to allow cameras in the courtroom is a very important and sensitive issue, which has been the subject of much consideration and debate within the federal courts. Based upon the Court's research, it appears that after significant study the Judicial Conference of the United States concluded that the filming of federal court proceedings for broadcast should be prohibited. The Guide to Judiciary

Policies and Procedures (the "Guide") "is the official medium by which direction as to courtroom procedures and other information are provided to the Federal Judiciary in support of its day-to-day operations. The Guide also codifies policies which are promulgated by [the] Director of the Administrative Office ("AO") and approved by the Judicial Conference of the United States." Kitzmiller v. Dover Area Sch. Dist., 388 F. Supp. 2d 484, 486-87 (M.D. Pa. 2005). The Guide articulates the longstanding position taken by the Judicial Conference concerning cameras in the courtroom:

> A judge may authorize broadcasting, televising, recording, or taking photographs in the courtroom and in adjacent areas during investitive, naturalization, or other ceremonial proceedings. A judge may authorize such activities in the courtroom or adjacent areas during other proceedings, or recesses between such other proceedings, only:
> (a) for the presentation of evidence;
> (b) for the perpetuation of the record of the proceedings;
> (c) for security purposes;
> (d) for other purposes of judicial administration; or
> (e) for the photographing, recording, or broadcasting of appellate arguments.
>
> When broadcasting, televising, recording, or photographing in the courtroom or adjacent areas is permitted, a judge should ensure that it is done in a manner that will be consistent with the rights of the parties, will not unduly distract participants in the proceeding, and will not otherwise interfere with the administration of justice.

Guide to Judiciary Policies and Procedures, General Management and Administration, Cameras in the Courtroom, ¶ 3 (found at jnet.ao.dcn/Guide/Volume_1/Chapter_3/Part_E).

Courts in this Circuit have held that the Judicial Conference policies are merely advisory in nature, and that local rules trump Judicial Conference policies. See Marisol A. v. Giuliani, 929 F.Supp. 660, 661 (S.D.N.Y. 1996); Katzman v. Victoria's Secret Catalogue, 923 F. Supp. 580, 584 (S.D.N.Y. 1996). In these cases, the local rule gave judges the discretion to decide whether to permit cameras in the courtroom.

The Local Rules of this Court, however, are consistent with Judicial Conference policy and do not permit the filming and broadcast of court hearings. The pertinent rule, VT LBR 5073-1, provides:

> PHOTOGRAPHY, RECORDING DEVICES; CELLULAR TELEPHONES, LAPTOP COMPUTERS; RECORDING AND BROADCASTING BY THE COURT
>
> (a) Prohibition Against Certain Devices. The use of cameras, radios, cellular telephones, paging devices, tape recorders, and other similar devices, is expressly prohibited in any court facility, except with the Court's permission. Failure to follow this Rule shall be grounds for refusal of admission to court facilities and may subject the offender to: (1) detention, arrest, and prosecution as provided by law; or (2) sanctions imposed by the Court.
> . . . .
> (c) Recording and Broadcasting by the Court. The Court may permit electronic or photographic preservation of evidence and perpetuation of the record. The Court may also permit broadcasting, televising, or photographing of investiture or ceremonial proceedings. The Court may conduct video conferences at court facilities or at an off-site location.

VT LBR 5073-1(a) and (c). Paragraph (a) refers to still cameras, and gives the Court the discretion to permit

such cameras in the courtroom. However, the Debtor's attorney is asking that television cameras – not still cameras – be allowed in the courtroom for the purpose of televising the proceedings. That request invokes paragraph (c), which allows televising only for investiture or ceremonial proceedings, not for broadcast on the local news. The request by Debtor's counsel is squarely answered in the negative by this Court's local rules and therefore the request must be denied. Since the Local Rules resolve the matter, this Court does not reach the issue of whether the Debtors have met their burden of showing grounds to allow cameras in the courtroom for this particular hearing, and does not engage in the weighing of the benefit to the public to make the conduct of this hearing more publicly accessible against the risk of cameras interfering with the integrity of judicial proceedings.

Based upon the local rules of this Court, IT IS HEREBY ORDERED that the Debtors' motion is DENIED.

January 9, 2008  
Rutland, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge